**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
ELIZABETH FLINT,

                        *Plaintiff*,

            -*against*-

ATLANTIC NETWORKS, LLC, CHIPSHOP CORP. AND THE ATLANTIC CHIP SHOP LLC,

                        *Defendants*.
-------------------------------------------------------------------X

Case No.: 1:18-cv-05534

**ANSWER WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendant Atlantic Networks, LLC (the "**Defendant**"), by and through their undersigned attorneys, Levin-Epstein & Associates, P.C., as and for their answer and affirmative defenses to the Complaint, dated October 3, 2019, (the "**Complaint**") of Elizabeth Flint (the "**Plaintiff**"), hereby admit, deny and allege as follows:

## NATURE OF ACTION

1.     No response is required to the statement set forth in paragraph "1" of the Complaint.

2.     No response is required to the statement set forth in paragraph "2" of the Complaint.

## JURISDICTION AND VENUE

3.     The allegations contained in paragraph "3" of the Complaint set forth legal conclusions for which no response is required.

4.     The allegations contained in paragraph "4" of the Complaint set forth legal conclusions for which no response is required.

## PARTIES

5.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5"of the Complaint.

6.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6"of the Complaint.

7. Defendant denies the allegations contained in paragraph "7" of the Complaint.

8. Defendant denies the allegations contained in paragraph "8" of the Complaint.

9. Defendant denies the allegations contained in paragraph "9" of the Complaint.

10. Defendant denies the allegations contained in paragraph "10" of the Complaint.

11. Defendant denies the allegations contained in paragraph "11" of the Complaint.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12. The allegations contained in paragraph "12" of the Complaint set forth legal conclusions for which no response is required.

13. The allegations contained in paragraph "13" of the Complaint set forth legal conclusions for which no response is required.

14. Defendant denies the allegations contained in paragraph "14" of the Complaint.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15"of the Complaint.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16"of the Complaint.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17"of the Complaint.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18"of the Complaint.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19"of the Complaint.

20. The allegations contained in paragraph "20" of the Complaint set forth legal conclusions for which no response is required.

21. The allegations contained in paragraph "21" of the Complaint set forth legal conclusions for which no response is required.

22. Defendant denies the allegations contained in paragraph "22" of the Complaint.

23. The allegations contained in paragraph "23" of the Complaint set forth legal conclusions for which no response is required.

24. Defendant denies the allegations contained in paragraph "24: I – XXIII" of the Complaint.

25. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. Defendant denies the allegations contained in paragraph "26" of the Complaint.

27. Defendant denies the allegations contained in paragraph "27" of the Complaint.

28. Defendant denies the allegations contained in paragraph "28" of the Complaint.

29. Defendant denies the allegations contained in paragraph "29" of the Complaint.

30. Defendant denies the allegations contained in paragraph "30" of the Complaint.

31. Defendant denies the allegations contained in paragraph "31" of the Complaint.

32. Defendant denies the allegations contained in paragraph "32" of the Complaint.

33. Defendant denies the allegations contained in paragraph "33" of the Complaint

34. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Complaint.

35. No response is required to the statement set forth in paragraph "35".

36. No response is required to the statement set forth in paragraph "36".

### AS AND FOR A FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

37. No response is required to the statement set forth in paragraph "37" of the Complaint.

38. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38"of the Complaint.

39. The allegations contained in paragraph "39" of the Complaint set forth legal conclusions for which no response is required.

40. The allegations contained in paragraph "40" of the Complaint set forth legal conclusions for which no response is required.

41. Defendant denies the allegations contained in paragraph "41" of the Complaint.

42. Defendant denies the allegations contained in paragraph "42" of the Complaint.

43. Defendant denies the allegations contained in paragraph "43" of the Complaint.

44. Defendant denies the allegations contained in paragraph "44" of the Complaint.

45. Defendant denies the allegations contained in paragraph "45" of the Complaint.

46. Defendant denies the allegations contained in paragraph "46" of the Complaint.

47. Defendant denies the allegations contained in paragraph "47" of the Complaint.

48. Defendant denies the allegations contained in paragraph "48" of the Complaint.

49. Defendant denies the allegations contained in paragraph "49" of the Complaint.

50. Defendant denies the allegations contained in paragraph "50" of the Complaint.

51. Defendant denies the allegations contained in paragraph "51" of the Complaint.

52. Defendant denies the allegations contained in paragraph "52" of the Complaint.

53. Defendant denies the allegations contained in paragraph "53" of the Complaint.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK STATE EXECUTIVE LAW)

54. No response is required to the statement set forth in paragraph "54" of the Complaint.

55. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55"of the Complaint.

56. Defendant denies the allegations contained in paragraph "56" of the Complaint.

57. Defendant denies the allegations contained in paragraph "57" of the Complaint.

58. Defendant denies the allegations contained in paragraph "58" of the Complaint.

59. Defendant denies the allegations contained in paragraph "59" of the Complaint.

60. Defendant denies the allegations contained in paragraph "60" of the Complaint.

61. Defendant denies the allegations contained in paragraph "61" of the Complaint.

62. Defendant denies the allegations contained in paragraph "62" of the Complaint.

63. Defendant denies the allegations contained in paragraph "63" of the Complaint.

## THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)

64. No response is required to the statement set forth in paragraph "64" of the Complaint.

65. Defendant denies the allegations contained in paragraph "65" of the Complaint.

66. Defendant denies the allegations contained in paragraph "66" of the Complaint.

67. Defendant denies the allegations contained in paragraph "67" of the Complaint.

68. Defendant denies the allegations contained in paragraph "68" of the Complaint.

69. Defendant denies the allegations contained in paragraph "69" of the Complaint.

70. Defendant denies the allegations contained in paragraph "70" of the Complaint.

71. Defendant denies the allegations contained in paragraph "71" of the Complaint.

72. Defendant denies the allegations contained in paragraph "72" of the Complaint.

73. Defendant denies the allegations contained in paragraph "73" of the Complaint.

74. Defendant denies the allegations contained in paragraph "74" of the Complaint.

75. Defendant denies the allegations contained in paragraph "75" of the Complaint.

76. Defendant denies the allegations contained in paragraph "76" of the Complaint.

77. Defendant denies the allegations contained in paragraph "77" of the Complaint.

78. Defendant denies the allegations contained in paragraph "78" of the Complaint.

79. Defendant denies the allegations contained in paragraph "79" of the Complaint.=

**FOURTH CAUSE OF ACTION**
**(VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)**

80. No response is required to the statement set forth in paragraph "80" of the Complaint.

81. Defendant denies the allegations contained in paragraph "81" of the Complaint.

82. Defendant denies the allegations contained in paragraph "82" of the Complaint.

83. Defendant denies the allegations contained in paragraph "83" of the Complaint.

**FIFTH CAUSE OF ACTION**
**(COMMON LAW NEGLIGENCE)**

84. No response is required to the statement set forth in paragraph "84" of the Complaint.

85. Defendant denies the allegations contained in paragraph "85" of the Complaint.

86. Defendant denies the allegations contained in paragraph "86" of the Complaint.

87. Defendant denies the allegations contained in paragraph "87" of the Complaint.

88. Defendant denies the allegations contained in paragraph "88" of the Complaint.

89. Defendant denies the allegations contained in paragraph "89" of the Complaint.

90. Defendant denies the allegations contained in paragraph "90" of the Complaint.

### INJUNCTIVE RELIEF

91. Defendant denies the allegations contained in paragraph "91" of the Complaint.

92. Defendant denies the allegations contained in paragraph "92" of the Complaint.

93. Defendant denies the allegations contained in paragraph "93" of the Complaint.

### DECLARATORY RELIEF

94. Defendant denies the allegations contained in paragraph "94" of the Complaint.

### ATTORNEY'S FEES, EXPENSES AND COSTS

95. The allegations contained in paragraph "95" of the Complaint set forth legal conclusions for which no response is required.

### JURY DEMAND

96. No response is required to the statement set forth in paragraph "96" of the Complaint.

### PRAYER FOR RELIEF

97. Defendant denies that Plaintiff is entitled to any relief sought in the "WHEREFORE" clause.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

98. Plaintiff fails to state a claim, in whole or in part, upon which relief may be granted, either on his own behalf or on behalf of those persons who he purports to represent, or to whom he purportedly is similarly situated.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

99. Plaintiff's claims are barred by the doctrine of mootness to the extent that the barriers alleged by Plaintiff, if there were any, have been or will be remediated when this action is finally adjudicated.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

100. Plaintiff's Complaint, which fails to allege when Plaintiff visited the location, is barred to the extent the claims stated in the Complaint are based on one or more visits to the location prior to the applicable statute of limitations

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

101. Plaintiff's claims are barred to the extent that, with respect to any particular architectural element of the location that departs from accessibility guidelines, the location has provided "equivalent facilitation" in the form of alternative designs and technologies that provide substantially equivalent or greater access to and usability of the facility.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

102. Plaintiff's claims are barred because the claimed violations are de minimis and non-actionable because they do not materially impair Plaintiff's use of an area for an intended purpose.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

103. Plaintiff's claims are barred because the barrier removal Plaintiff seeks under the ADA in the facilities built before January 26, 1993 is not "readily achievable," or easily accomplishable and able to be carried out without much difficulty or expense when taking into account the cost of removal, Defendant's financial resources, and the effect on Defendant's operations.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

104. Plaintiff's claims are barred to the extent that the barrier removal Plaintiff seeks involve features of the location that were built before January 26, 1993 and were not "alterations" within the meaning of the ADA or Title 24 and/or they do not trigger an "alteration" legal standard, including because the modifications sought will be disproportionate in cost or cost in excess of 20% of the entire "alteration".

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

105. Plaintiff's claims that the location was designed in violation of the ADA or Title 24 are barred to the extent that the location was designed and constructed before the effective date of the ADA, Title 24, or their regulations.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

106. Plaintiff's claims for damages alleged in the Complaint are limited by Defendant's good faith reliance upon reasonable interpretations of New York State and New York City law by local building authorities and issuance of appropriate building permits and certificates of occupancy for facility at issue.

## AS AND FOR A TENTH DEFENSE

107. Plaintiff has failed to mitigate or to reasonably attempt to mitigate her damages, her entitlement thereto being expressly denied.

## AS AND FOR A ELEVENTH DEFENSE

108. Plaintiff's claims are barred to the extent they rely on an alleged barrier where the extent of any alleged variance from the applicable regulations and standards does not exceed the range of allowable construction tolerance at the time of construction.

## AS AND FOR A TWELFTH DEFENSE

109. Plaintiff's Complaint and all purported claims for relief alleged in Plaintiff's Complaint are barred to the extent the alleged violations of law are excused, exempted, or justified under the statutes under which Plaintiff has sued.

## AS AND FOR A THIRTEENTH DEFENSE

110. Plaintiff's Complaint and all purported claims for relief alleged in Plaintiff's Complaint are barred in whole or in part because Plaintiff's injury or injuries, which are expressly denied

## AS AND FOR A FOURTEENTH DEFENSE

111. Plaintiff is not entitled to the injunctive relief she seeks because she lacks standing to seek or receive such relief.

## AS AND FOR A FIFTEENTH DEFENSE

112. Plaintiff's Complaint and all purported claims for relief alleged in Plaintiff's Complaint are barred by the doctrine of unclean hands by reason of Plaintiff's conduct and actions.

## AS AND FOR A SIXTEENTH DEFENSE

113. Defendant is not liable to Plaintiff for any alleged discrimination under the Administrative Code and the Executive Law because it exercised reasonable care to prevent any such behavior and Plaintiff unreasonably failed to take advantage of the corrective opportunities provided by Defendant and to otherwise avoid harm.

## AS AND FOR A SEVENTEENTH DEFENSE

114. Plaintiff's claims are barred and/or limited by the after-acquired evidence doctrine

## RESERVATION OF RIGHTS

115. Defendant reserves the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information and investigation into the Plaintiff's claims.

## COUNTERCLAIM

116. Defendants have retained the Law Offices of Levin-Epstein & Associates P.C. and has agreed to pay it a reasonable fee for its services. Pursuant to 28 U.S. C. §1927, 42 U.S.C. §12205, and 42 U.S. Code § 2000a–3(b) (based upon Plaintiff's demand for injunctive relief), Defendant is entitled to recover attorneys' fees and costs incurred in this action in the event it is deemed a prevailing party in this action, or otherwise demonstrate entitlement to fees under said statutes

## CROSS-CLAIM AGAINST CO-DEFENDANTS CHIPSHOP CORP. AND THE ATLANTIC CHIP SHOP LLC

117. Defendant asserts the instant Cross-Claim against Defendants Chipshop Corp. and the Atlantic Chip Shop LLC (together, "**Co-Defendants**").

118. Defendant entered into a Lease with the Co-Defendants, (the "**Lease**") for the storefront located at 129 Atlantic Ave., Brooklyn, NY 11201, which is the subject of this action (the "**Premises**") with Christopher Sell and Robert E. Gagnon as the Guarantors of said Lease.

119. The Lease and Guaranty remains in full force and effect as of the date hereof.

120. In accordance with the Lease, Co-Defendants agreed to pay all costs, expenses, fines, penalties or damages, which may be imposed upon the landlord by reason of their failure to comply with the Lease arising out of certain acts and omissions by the Co-Defendants including *inter ali*a those that relate to the Co-Defendants' operation of Co-Defendants' business at the Premises in accordance with any governing laws.

121. Pursuant to 28 CFR § 36.201 (b) and the Lease between Defendant, Co-Defendants have responsibility for complying with the obligations hereunder.

122. To date, Co-Defendants have declined and refused to pay the costs and expenses imposed by the present lawsuit to the landlord in the within action, despite due demand therefor, and is in breach of the said obligations.

123. By reason of the foregoing, if it is found that Defendant is liable, in whole or in part, to the Plaintiff herein, which liability is expressly denied, then Defendant is entitled to indemnification from and against Co-Defendants, for any judgment or other relief that the Plaintiff may recover against the answering Defendants, in addition to

**WHEREFORE**, Defendant demands judgment in their favor:

(a) denying Plaintiff is entitled to the relief for which he prays on behalf of themselves or any other individual or to any other relief.

(b) dismissing the Complaint against Defendant on the merits with prejudice and in its entirety, and granting the costs and disbursements of this action, or, in the alternative, granting Defendant judgment over and against, and indemnity, from the Co-Defendants, for loss or damage incurred by Defendant if any, in connection with the within action; and

(c) awarding Defendant their costs and disbursement, including reasonable attorneys' fees incurred in the action; and

(d) That the Court issue an award of counsel fees, costs, and disbursements against the Co-Defendants in favor of Defendant by reason of Co-Defendants breach of its duty to defend and indemnify Defendant; and

(e) granting Defendant such other and further relief as the Court may deem just and proper.

Dated: May 8, 2019
      New York, New York

By: /s/*Joshua D. Levin-Epstein*
Joshua D. Levin-Epstein, Esq.
1 Penn Plaza, Suite 2527
New York, New York 10119
Telephone: (212) 792-0046

Facsimile: (212) 563-7108
Email: joshua@levinepstein.com
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2019, I electronically filed the foregoing Answer with Affirmative Defenses with the Clerk of the District Court using the CM/ECF system, which sent notification to all parties registered to receive notice via that service, including:

>Parker Hanski LLC
>Adam S. Hanski, Esq.
>Robert G. Hanski, Esq.
>40 Worth Street, 10th Floor
>New York, New York 10013
>*Attorneys for Plaintiff*

>Law Offices of Mitchell Segal P.C.
>Mitchell Segal
>1010 Northern Boulevard Suite 208
>Great Neck, NY 11021
>*Attorneys for Defendants Chipshop Corp. and The Atlantic Chip Shop LLC*

/s/ *Joshua D. Levin-Epstein*
Joshua D. Levin-Epstein, Esq.