# PARKER HANSKI LLC

40 WORTH STREET, 10TH FLOOR
NEW YORK, NEW YORK 10013
PHONE: 212.248.7400
FAX:       212.248.5600
Contact@ParkerHanski.com

September 16, 2019

<u>Via ECF</u>
The Honorable Sanket J. Bulsara
United States Magistrate Judge
United States District Court

Re: <u>Flint v. Atlantic Networks, LLC et al; Civ Case No.: 1:18-cv-05534-ERK-SJB</u>

Dear Judge Bulsara:

      We represent plaintiff Elizabeth Flint in the above-entitled action. We write to inform the Court that the August 27, 2019 mediation did not occur because defendant Atlantic Networks, LLC refused to attend. Plaintiff also writes to respectfully asks the Court to schedule a case management conference so that plaintiff can proceed to prosecute her action against defendant Atlantic Networks, LLC.

      As detailed in plaintiff's May 7, 2019 letter motion to compel Atlantic Networks participation in the mediation process, a mediation did not occur by the May 1, 2019 deadline Ordered by the Court. (Docket No. 20).  However, subsequent to plaintiff's letter motion, Atlantic Networks did participate in the mediation process. And, together with plaintiff, Atlantic Networks entered into an engagement agreement with the selected mediator. In addition, plaintiff and Atlantic Networks agreed to attend a mediation on August 27, 2019, with the mediation to take place at the offices of Levin-Epstein & Associates, counsel for Atlantic Networks.

      Then, on Wednesday, August 21, 2019, three business days before the mediation date, counsel for Atlantic Networks, Jason Mizrahi, Esq. of Levin-Epstein & Assocs., informed the mediator that its client would not participate in the long-scheduled mediation. Mr. Mizrahi, Esq. did so in response to an email from the mediator reminding plaintiff and Atlantic Networks, that *ex parte* mediation statements were due Friday morning, August 23. Mr. Mizrahi, Esq. wrote the mediator that "it has come to my attention that counsel for [the former tenant defendants,] Chipshop Corp[.] and the Atlantic Chip Shop LLC have not been cc'd" on the mediator's email. Mr. Mizrahi then informed the mediator that although he was aware that plaintiff had settled her claims with the former-tenant defendants, Atlantic Networks would not participate in a mediation without these entities' participation.

      Plaintiff finds Atlantic Networks' 11th hour refusal to participate in mediation due to the tenant defendants' absence, troubling. Throughout the lengthy mediation process, only 2 parties participated: <u>Plaintiff and defendant Atlantic Networks</u>. For 2 ½ months counsel for plaintiff and Atlantic Networks' counsel, Mr. Mizrahi, were included in multiple emails, took part in conference calls with the mediator, executed an engagement agreement, and scheduled the mediation (at Mr. Mizrahi's offices), without any participation by the former tenant defendants. And until three business days prior to the mediation, Mr. Mizrahi never demanded that these

entities participate.  Plaintiff can only conclude that Atlantic Networks and its counsel never intended to mediate in good faith. And, as a result, plaintiff's case has been unduly delayed.

     Given the foregoing, plaintiff respectfully asks that the Court schedule a case management conference in this matter on a date convenient for the Court.

          Respectfully,

          /s/
          Adam S. Hanski, Esq.