UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ELIZABETH FLINT,

                            Plaintiff,

      -against-                                     **ORDER TO SHOW CAUSE**
                                                                 18-CV-5534-ERK-SJB

ATLANTIC NETWORKS, LLC, CHIPSHOP CORP.
AND THE ATLANTIC CHIP SHOP LLC,

                            Defendants.
-----------------------------------------------------------------X
**BULSARA, United States Magistrate Judge:**

      Counsel for Defendant Atlantic Networks, LLC informed the Court at the status conference on January 23, 2020, that the issues underlying Plaintiff's ADA claim would not be remedied by any injunctive relief because the business at issue, Atlantic Chip Shop, has closed. (*See* Min. Entry & Order dated 1/23/2020, FTR # 10:22 - 10:24). Plaintiff's counsel did not disagree and stated that Defendants had completed remediation of the accessibility issues prior to the closure. (*Id.*, FTR # 10:21 - 10:22, 10:25). In other words, either the remediation has been completed or cannot be completed because Atlantic Chip Shop has closed. "When such redress is no longer possible, the ADA claim becomes moot [.]" *Thomas v. Grunberg 77 LLC*, No. 15-CV-1925, 2017 WL 3225989, at *2 (S.D.N.Y. July 5, 2017) (collecting cases), *report and recommendation adopted*, 2017 WL 3263141 (July 28, 2017); *Powell v. Nat'l Bd. of Med. Exam'rs,* 364 F.3d 79, 86 (2d Cir. 2004) ("A private individual may only obtain injunctive relief for violations of a right under Title III; he cannot recover damages."); *Akinde v. N.Y.C. Health & Hosps. Corp.*, 737 F. App'x 51, 52 (2d Cir. 2018) ("An action can become moot if an event occurs during the course of the proceedings or on appeal that makes it impossible for the court to grant any effectual relief whatever to a

prevailing party." (quotations omitted)). "When a case becomes moot, the federal courts lack subject matter jurisdiction over the action." *Schaeffler v. United States*, 696 F. App'x 542, 543 (2d Cir. 2017). And "when a district court correctly dismisses all federal claims for lack of subject–matter jurisdiction . . . the district court is thereby precluded from exercising supplemental jurisdiction over related state–law claims." *Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 399 (2d Cir. 2017). In light of the mootness of the ADA claim, the Court lacks subject matter jurisdiction, because there is no other federal claim and the parties are not diverse. Although there are state law claims between non-diverse parties, the Court cannot exercise supplemental jurisdiction over such claims having been deprived of subject matter jurisdiction. *See id.*; 28 U.S.C. § 1367(a) (only "in any civil action of which the district courts *have original jurisdiction*, the district courts shall have supplemental jurisdiction" (emphasis added)); *e.g.*, *Van Winkle v. Kings Mall Court LLC*, No. 16-CV-325, 2018 WL 679466, at *2 (N.D.N.Y. Feb. 1, 2018) ("Van Winkle's ADA claims are dismissed. Because the court dismisses all of Van Winkle's federal claims for lack of subject matter jurisdiction pursuant . . . it may not exercise supplemental jurisdiction over his related state law claims; therefore, the state law claims are dismissed without prejudice."). The parties are ordered to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Defendants shall file a submission by **February 6, 2020**, and Plaintiff shall file a response by **February 20, 2020**. No reply submissions are permitted.

        SO ORDERED.

        */s/ Sanket J. Bulsara* Jan. 23, 2020

        SANKET J. BULSARA
        United States Magistrate Judge

Brooklyn, New York