**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

ELIZABETH FLINT,

                *Plaintiff,*

      *-against-*

ATLANTIC NETWORKS, LLC, CHIPSHOP
CORP. AND THE ATLANTIC CHIP SHOP
LLC,

                *Defendants.*

-----------------------------------------------------------------X

Case No.: 1:18-cv-05534

Assigned Judge:
Hon. Sanket J. Bulsara


### DEFENDANT ATLANTIC NETWORKS, LLC'S
### MEMORANDUM OF LAW IN SUPPORT OF THE ORDER TO SHOW CAUSE TO
### DISMISS PLAINTIFF'S COMPLAINT


LEVIN-EPSTEIN & ASSOCIATES, P.C.
Joshua Levin-Epstein, Esq.
Jason Mizrahi, Esq.
420 Lexington Ave., Suite 2525
New York, NY 10170
Tel. No.: (212) 792-0048
*Attorneys for Defendant Atlantic Networks, LLC*

Dated: February 5, 2020
     New York, New York

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ...................................................................................................... ii

**FACTUAL BACKGROUND** ...................................................................................................... 1

**LEGAL STANDARD** ................................................................................................................. 2

**ARGUMENT** .............................................................................................................................. 3

I.    This Court Lacks Subject-Matter Jurisdiction Because Plaintiff's ADA Claim
is Moot............................................................................................................................ 3

II.   The Court Should Decline Jurisdiction Over the State and City Law Claims Because it
Does Not Have Original Jurisdiction .............................................................................. 5

**CONCLUSION** .......................................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*Already, LLC v. Nike, Inc.*,
    133 S.Ct. 721(2013) .......................................................................... 4

*Amador v. Andrews*,
    655 F.3d 89 (2d Cir. 2011) .............................................................. 4

*Aurecchione v. Schoolman Transp. Sys., Inc.*,
    426 F.3d 635 (2d Cir. 2005) ............................................................ 2

*Bacon v. Walgreen Co*., 951 F. Supp. 3d
    446 (E.D.N.Y. 2015) ..................................................................... 3, 5

*Camarillo v. Carrols Corp.*,
    518 F.3d 153 (2d Cir. 2008) ............................................................ 3

*Cave v. E. Meadow Union Free Sch. Dist.*,
    514 F.3d 240 (2d Cir. 2008) ............................................................ 6

*Chapman v. Pier 1 Imports (U.S.) Inc.*,
    631 F.3d 939 (9th Cir. 2011) ........................................................... 4

*Clear Channel Outdoor, Inc. v. City of New York*,
    594 F.3d 94 (2d Cir. 2010) .............................................................. 5

*Francis v. 951-953 Amsterdam Ave. LLC et al*,
    16-cv-07535 (S.D.N.Y. 2017) ......................................................... 4

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
    528 U.S. 167 (2000) ....................................................................... 4

*Gropper v. Fine Arts Housing, Inc.*,
    12 F. Supp. 3d 664 (S.D.N.Y. 2014) ............................................... 5

*Herman Family Revocable Trust v. Teddy Bear*,
    254 F.3d 802 (9th Cir. 2001) ........................................................... 5

*J.S. ex rel. N.S. v. Attica Cent. Schs.*,
    386 F.3d 107 (2d Cir. 2004) ............................................................ 3

*Jones v. Goord*,
    435 F. Supp. 2d 221 (S.D.N.Y. 2006).................................................................. 3

*Kolari v. N.Y.- Presbyterian Hosp.*,
    455 F.3d 118 (2d Cir. 2006)................................................................................ 5

*Levesque v. CVPH Medical Center*,
    2014 WL 1269383 (N.D.N.Y. 2014).................................................................. 3

*Lewis v. Continental Bank Corp.*,
    494 U.S. 472 (1990)............................................................................................ 4

*Makarova v. United States*,
    201 F.3d 110 (2d Cir. 2000)........................................................................... 2, 3

*Murphy v. Hunt*,
    455 U.S. 478 (1982)............................................................................................ 4

*See Roberts v. Royal Atlantic Corp.*,
    542 F.3d 363 (2d Cir. 2008)................................................................................ 3

*Sharkey v. Quarantillo*,
    541 F.3d 75 (2d Cir. 2008).................................................................................. 2

*Stan v. Wal-Mart Stores, Inc.*,
    111 F. Supp. 2d 119 (N.D.N.Y. 2000)................................................................ 6

**Statutes**

28 U.S.C. § 1367(c)(3)................................................................................................ 5

42 U.S.C § 2000a–3..................................................................................................... 3

42 U.S.C. § 12182(a) .................................................................................................. 3

42 U.S.C. § 12182(b) .................................................................................................. 3

42 U.S.C. § 12188(a)(1).............................................................................................. 3

Fed. R. Civ. P 12(b)(1)................................................................................................ 2

Defendant Atlantic Networks, LLC ("**Atlantic Networks**", or the "**Defendant**"), by and through the undersigned counsel, respectfully submits this Memorandum of Law together with the supporting declaration of Jason Mizrahi, Esq. (the "**Mizrahi Decl**.") and the exhibits annexed thereto, and the supporting affidavit of Ahmed Mohamad (the "**Mohamad Aff**.") and the exhibit annexed thereto, in support of the Order to Show Cause of the Honorable Sanket J. Bulsara, entered on January 23, 2020 (the "**Order to Show Cause**") to dismiss the complaint dated October 3, 2018 (the "**Complaint**") of Plaintiff Elizabeth Flint ("**Plaintiff**"), and as grounds thereto respectfully states as follows:

## FACTUAL BACKGROUND

On October 3, 2018, Plaintiff filed the instant action under the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C.A. § 12101, *et seq*., the New York State Executive Law (the "**Executive Law**"), N.Y. State Civ. Rights Law § 40, the Administrative Code of the City of New York (the "**Administrative Code**") and common law negligence, alleging that on an unspecified date, she was denied access to the former restaurant operated by Defendants Chipshop Corp. and the Atlantic Chip Shop LLC (the "**Tenant**" or the "**Chipshop Defendants**") located at 129 Atlantic Avenue, Brooklyn, NY 11201 (the "**Chipshop Premises**"). [Docket Entry No. ("**Dckt. No.**") 1]. By way of background, Atlantic Networks is the landlord for the Chipshop Premises. [Mohamad Aff. at ¶ 2]. On May 8, 2019, Atlantic Networks answered, denying Plaintiff's material allegations, and filing a crossclaim against Tenant for contribution and/or indemnification under the operative commercial lease. [*See* Dckt. No. 21].

On or around December 8, 2018, approximately two (2) months since the filing of the Complaint, the Chipshop Premises closed. [Mizrahi Decl. at ¶¶ 3-5] [Mohamad Aff. at ¶¶ 4-6].

By letter dated January 22, 2019, the Chipshop Defendants advised the Court that they intended to file a Motion to Dismiss Plaintiff's Complaint on the basis that the Chipshop Premises had closed. [*See* Dckt. No. 16].

On or about April 7, 2019, Plaintiff and Tenant entered into a settlement agreement. [*See* Dckt. No. 23].

On January 23, 2020, Atlantic Networks and Plaintiff appeared for an in-person status conference. [*See* Min. Entry & Order dated 1/23/2020]. At the in-person conference, Plaintiff's counsel – Parker Hanski LLC – conceded that their sole federal claim in this action under the ADA has been mooted by the permanent cessation of the Tenant's use and occupancy of the Chipshop Premises. [*See id.*, FTR # 10:21 – 10:22, 10:25].

For the reasons set forth more fully below, Plaintiff's Complaint should be dismissed, with prejudice, on the grounds that the Court does not have jurisdiction over the instant matter given that the Chipshop Premises has closed.

## **LEGAL STANDARD**

Pursuant to Federal Rules of Civil Procedure ("**Fed. R. Civ. P**") 12(b)(1), a party may move for the dismissal of claims for lack of subject-matter jurisdiction. "A case is properly dismissed for lack of subject-matter jurisdiction [] when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005); *see also Sharkey v. Quarantillo*, 541 F.3d 75, 82 (2d Cir. 2008) ("The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists"). When considering a motion to dismiss for lack of subject-matter jurisdiction, a court "'may refer to evidence outside the

pleadings' to resolve the jurisdictional issue." *Bacon v. Walgreen Co.*, 951 F. Supp. 3d 446, 449 (E.D.N.Y. 2015) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citations omitted)). While a court "must accept as true all material factual allegations in the complaint, [it is] not to draw inferences from the complaint favorable to [the] plaintiff[]." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004).

## ARGUMENT

### I.    This Court Lacks Subject-Matter Jurisdiction Because Plaintiff's ADA Claim is Moot

Plaintiff's sole federal claim concerns Defendant's alleged violations of the ADA. [*See* Dckt. No. 1 at ¶ 3]. The ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a); see also 42 U.S.C. § 12182(b) (setting forth specific prohibitions applicable to places of public accommodations). To prevail on an ADA claim, a plaintiff must establish: (1) that the plaintiff is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA. *See Roberts v. Royal Atlantic Corp.*, 542 F.3d 363, 368 (2d Cir. 2008); *Camarillo v. Carrols Corp.*, 518 F.3d 153, 1156 (2d Cir. 2008). Monetary relief is not an available remedy under Title III of the ADA. *See Levesque v. CVPH Medical Center*, 2014 WL 1269383, at *4 (N.D.N.Y. 2014). It is well-established that Title III of the ADA only allows for injunctive relief. *See* 42 U.S.C. § 12188(a)(1); 42 U.S.C § 2000a–3; *Bacon*, 91 F. Supp. 3d at 451. The ongoing feasibility of "injunctive relief … is a question of mootness." *See Jones v. Goord*, 435 F. Supp. 2d 221, 225 (S.D.N.Y. 2006). "The mootness doctrine ensures that the occasion for judicial

resolution…persists throughout the life of a lawsuit." *Amador v. Andrews*, 655 F.3d 89, 99-100 (2d Cir. 2011) (citation omitted). Critically, an "actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation." *Already, LLC v. Nike, Inc.*, 133 S.Ct. 721, 727 (2013). The parties must continue to have a personal stake in the outcome of the litigation, and, if the parties have no such legally cognizable interest or the issues presented are no longer live, the claim becomes moot. *See id.; see also Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)

Under these circumstances, a court will no longer have authority to adjudicate the case because "subsequent events [would have] made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). "[T]o pursue injunctive relief, which is the only relief available to private plaintiffs under the ADA, [a plaintiff] must demonstrate real and immediate threat of repeated injury in the future." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (internal quotation omitted).

Here, Plaintiff's ADA claim is moot because the place of public accommodation at issue no longer exists. The restaurant closed and there is no prospect that it will re-open, as the Tenant terminated its tenancy for the Chipshop Premises. Given these developments, the Chipshop Premises at issue is no longer a place of public accommodation, and, therefore, is not subject to the ADA. *See Francis v. 951-953 Amsterdam Ave. LLC et al,* 16-cv-07535 (S.D.N.Y. 2017) at Dckt. No. 25 (granting motion to dismiss for lack of subject matter jurisdiction on the basis that subject facility had closed).

Since Atlantic Networks no longer owns or operates a place of public accommodation, this Court lacks any ability to remedy Plaintiff's ADA Claim because it is unable to order Atlantic

Networks to perform injunctive relief over a premises that it does not control and that is not open to the public. *Id*. Moreover, as the restaurant is closed, Plaintiff's ADA claims are moot because "there is no reasonable expectation that the alleged violation[s] will recur and [] interim…events have completely and irrevocably eradicated the effects of the alleged violation[s]." *Clear Channel Outdoor, Inc. v. City of New York*, 594 F.3d 94, 110 (2d Cir. 2010); *see also Gropper v. Fine Arts Housing, Inc*., 12 F. Supp. 3d 664, 670 (S.D.N.Y. 2014) (evaluating mootness challenge to ADA claim). Simply put, there is no likelihood of any future injury.

## II.    The Court Should Decline Jurisdiction Over the State and City Law Claims Because it Does Not Have Original Jurisdiction

Plaintiff's ADA claim is the only asserted basis for this Court's subject-matter jurisdiction – the remainder of Plaintiff's claims, involve issues of state and local law. [*See* Dckt. No. 1 at ¶ 3]. Pursuant to 28 U.S.C. § 1367(c)(3), a "district court[] may decline to exercise supplemental jurisdiction" over state and local law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Indeed, "supplemental jurisdiction cannot exist without original jurisdiction." *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001).

Given that Plaintiff's sole federal claim is moot, this Court should respectfully decline to exercise supplemental jurisdiction over all remaining claims at issue in the litigation, including Plaintiff's claims under the Executive Law, New York State Civil Rights Law § 40, and the Administrative Code, as well as for common law negligence. *Kolari v. N.Y.- Presbyterian Hosp*., 455 F.3d 118, 122 (2d Cir. 2006) (declining to exercise supplemental jurisdiction over remaining state law claims because court dismissed all claims that it had original jurisdiction over); *Bacon*, 91 F. Supp. 3d at 453 (declining to retain jurisdiction over state law disability discrimination claims after dismissing ADA claim on mootness grounds); *Stan v. Wal-Mart Stores, Inc.*, 111 F. Supp. 2d

119, 127 n. 4 (N.D.N.Y. 2000) (dismissing ADA claims and declining to exercise jurisdiction over state law claims).

In the absence of original jurisdiction over any claim, "[i]t would [] be clearly inappropriate for the district court to retain jurisdiction over the state law claims when there is no basis for supplemental jurisdiction." *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008).

## <u>CONCLUSION</u>

For the reasons set forth above, the Court should grant the Order to Show Cause to Dismiss the Complaint pursuant to Fed. R. Civ. P 12(b)(1), with prejudice, and grant such other and further relief as it deems just and proper.

Dated: February 5, 2020
    New York, New York

By:    */s/ Jason Mizrahi*
       Levin-Epstein & Associates, P.C.
       Joshua D. Levin-Epstein
       Jason Mizrahi, Esq.
       420 Lexington Avenue, Suite 2525
       New York, New York 10170
       Telephone: (212) 792-0048
       Email: Jason@levinepstein.com
       *Attorneys for Defendant Atlantic Networks, LLC*

Cc:    All parties via ECF