```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ELIZABETH FLINT,

                              Plaintiff,
                                                                      REPORT &
           -against-                                                  RECOMENDATION
                                                                      18-CV-5534-ERK-SJB
ATLANTIC NETWORKS, LLC, CHIPSHOP CORP.
AND THE ATLANTIC CHIP SHOP LLC,

                              Defendants.
-----------------------------------------------------------------X
```

**BULSARA, United States Magistrate Judge:**

The parties were ordered to show cause why this Americans with Disabilities Act ("ADA") case should not be dismissed for lack of subject matter jurisdiction in light of the remediation of alleged ADA violations and closing of the defendant business. For the reasons stated below, the Court respectfully recommends that the Complaint be dismissed without prejudice for lack of subject matter jurisdiction.

Plaintiff commenced this action by filing a Complaint on October 3, 2018, alleging Defendants Atlantic Networks, LLC, Chipshop Corp., and the Atlantic Chip Shop LLC ("Defendants") violated the ADA and state law by failing to provide Plaintiff, a person with a disability, access to and other accommodations at a restaurant owned and operated by Chipshop Corp. and the Atlantic Chip Shop LLC, located on Atlantic Networks, LLC's premises. (Compl. dated Oct. 3, 2019, Dkt. No. 1 ¶¶ 12–14, 24).

Counsel for Defendant Atlantic Networks, LLC informed the Court at a status conference on January 23, 2020, that the issues underlying Plaintiff's ADA claim would not be remedied because the restaurant had closed. (*See* Min. Entry & Order dated 1/23/2020, FTR # 10:22 - 10:24). Plaintiff's counsel did not disagree and stated that Defendants had actually completed remediation of the accessibility issues prior to the

restaurant's closure. (*Id.*, FTR # 10:21 - 10:22, 10:25). In other words, either remediation has been completed or cannot be completed because the restaurant has closed.

After the conference, the Court issued an Order to Show Cause directing the parties to explain why this case should not be dismissed for lack of subject matter jurisdiction. (Order to Show Cause dated Feb. 23, 2020, Dkt. No. 28). Defendants filed responses to the Order to Show Cause, arguing that the case should be dismissed because remediation rendered the ADA claims moot. (Atlantic Networks, LLC's Mem. in Supp. dated Feb. 5, 2020, Dkt. No. 31; Defs. Chipshop Corp. and The Atlantic Chip Shop LLC's Resp. dated Feb. 6, 2020, Dkt. No. 34). Plaintiff responded that "she does not oppose the Order to Show Cause," and "will not be filing any papers in response or opposition to the Order to Show Cause why this case should not be dismissed for lack of subject matter jurisdiction." (Pl.'s Resp. dated Feb. 20, 2020, Dkt. No. 35 at 1).

The ADA allows only for injunctive relief; monetary relief is unavailable. *Bacon v. Walgreen Co.*, 91 F. Supp. 3d 446, 451 (E.D.N.Y. 2015). When a plaintiff initially seeks injunctive relief for ADA violations and thereafter "such redress is no longer possible, the ADA claim becomes moot[.]" *Thomas v. Grunberg 77 LLC*, No. 15-CV-1925, 2017 WL 3225989, at *2 (S.D.N.Y. July 5, 2017) (collecting cases), *report and recommendation adopted*, 2017 WL 3263141 (July 28, 2017); *Powell v. Nat'l Bd. of Med. Exam'rs,* 364 F.3d 79, 86 (2d Cir. 2004) ("A private individual may only obtain injunctive relief for violations of a right under Title III; he cannot recover damages."); *Akinde v. N.Y.C. Health & Hosps. Corp.*, 737 F. App'x 51, 52 (2d Cir. 2018) ("An action can become moot if an event occurs during the course of the proceedings or on appeal that makes it impossible for the court to grant any effectual relief whatever to a

prevailing party." (quotations omitted)). "When a case becomes moot, the federal courts lack subject matter jurisdiction over the action." *Schaeffler v. United States*, 696 F. App'x 542, 543 (2d Cir. 2017). "If a court perceives at any stage of the proceedings that it lacks subject matter jurisdiction, then it must take proper notice of the defect by dismissing the action." *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008). In light of the remediation and closure of the defendant restaurant, the ADA claim is moot, and the Court lacks subject matter jurisdiction, because there is no other federal claim and the parties are not diverse.

There is also no supplemental jurisdiction over the Plaintiff's non-federal claims. "[W]hen a district court correctly dismisses all federal claims for lack of subject–matter jurisdiction . . . the district court is thereby precluded from exercising supplemental jurisdiction over related state–law claims." *Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 399 (2d Cir. 2017); *Cave*, 514 F.3d at 250 ("We have already found that the district court lacks subject matter jurisdiction over appellants' federal claims. It would thus be clearly inappropriate for the district court to retain jurisdiction over the state law claims when there is no basis for supplemental jurisdiction."). The Court cannot exercise supplemental jurisdiction over Plaintiff's non-federal claims having been deprived of subject matter jurisdiction.[1] 28 U.S.C. § 1367(a) (only "in any civil action of which the district courts *have original jurisdiction*, the district courts shall have supplemental jurisdiction" (emphasis added)); *e.g., Van Winkle v. Kings Mall Court LLC*, No. 16-CV-

---

[1] Defendant Atlantic Networks, LLC's counterclaim and crossclaim similarly do not give rise to federal jurisdiction. The counterclaim for attorney's fees is based on Plaintiff's demand for injunctive relief, which is moot. (*See* Answer, Counterclaim & Crossclaim dated May 8, 2019, Dkt. No. 21 ¶ 116). The crossclaim is one for indemnification pursuant to a lease among the Co-Defendants, a state law claim. (*See id.* ¶¶ 117–23).

3

325, 2018 WL 679466, at *2 (N.D.N.Y. Feb. 1, 2018) ("Van Winkle's ADA claims are dismissed. Because the court dismisses all of Van Winkle's federal claims for lack of subject matter jurisdiction pursuant . . . it may not exercise supplemental jurisdiction over his related state law claims; therefore, the state law claims are dismissed without prejudice.").

Therefore, it is respectfully recommended that the Complaint be dismissed without prejudice for lack of subject matter jurisdiction.

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court **within 14 days** of service of this Report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge's] report operates as a waiver of any further judicial review of the magistrate [judge's] decision.").

SO ORDERED.

*/s/ Sanket J. Bulsara* Feb. 28, 2020

SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York

4